1   **Todd M. Friedman (216752)**
    **Adrian R. Bacon (280332)**
2   **Law Offices of Todd M. Friedman, P.C.**
    **324 S. Beverly Dr., #725**
3   **Beverly Hills, CA 90212**
    **Phone: 877-206-4741**
4   **Fax: 866-633-0228**
    **tfriedman@attorneysforconsumers.com**
5   **abacon@attorneysforconsumers.com**
    **Attorneys for Plaintiff**
6

7   *Attorneys for Plaintiff, Cathryn Levine, and all others similarly situated*

8                  IN THE UNITED STATES DISTRICT COURT

9             FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  | CATHRYN LEVINE, individually, | Case No. |
    | and on behalf of other members of | |

12  the general public similarly situated,    **CLASS ACTION COMPLAINT**

13              Plaintiff,                      (1)  Violation of the California False
                                                     Advertising Act (Cal. Business &
14          vs.                                      Professions Code §§ 17500 *et seq.*)
                                                     and
15  JAZWARES, LLC AND ASTLEY          (2)  Violation of Unfair Competition
    BAKER DAVIES LTD,                           Law (Cal. Business & Professions
16                                              Code §§ 17200 *et seq.*)
                Defendants.
17                                              **Jury Trial Demanded**

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Cathryn Levine ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.     Plaintiff brings this class action Complaint against Defendants JAZWARES, LLC AND ASTLEY BAKER DAVIES LTD (hereinafter "Defendants") to stop Defendants' practice of falsely advertising a popular children's toy and to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, the falsely advertised toy manufactured and sold by Defendants (hereinafter collectively referred to as the "Class Products").

2.     Defendants are foreign corporations with principal place of business and headquarters in the United Kingdom and Florida and are engaged in the manufacture, sale, and distribution of toys.

3.     Defendants represent that a certain toy, the Peppa Pig Garden House Construction Set has pieces and capabilities it in fact does not have. Defendants misrepresented and falsely advertised to Plaintiff and others similarly situated these pieces and capabilities.

4.     Plaintiff and others similarly situated purchased this popular toy.

5.     Defendants' misrepresentations to Plaintiff and others similarly situated caused them to purchase this toy, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendants have violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

6.     Consumers purchase toys advertised to have pieces of a certain size and which possess the capacity to come together to produce a particular scene.

7.     On the outside of the box of this toy, there is a photograph of a green

CLASS ACTION COMPLAINT

base that is made up of a series of six by twelve pegs, which allows one to place various toy pieces on top of the base in place in order to properly build the Garden House Construction Set (See "Exhibit A").

8.      Consumers rely on the representations and advertisements of retailers in order to know which toys to purchase.  In the case of toys, which are advertised towards both parents and children, consumers rely on the representations of the packaging the toy comes in when making decisions on which toys to purchase.

9.      Defendants are engaged in the manufacture, marketing, supplying and distributing of toys advertised to have the six by twelve peg base.

10.     Consumers pay for the base as part of the purchase of the toys. When consumers purchase the toys they are purchasing the toys for the pieces that are advertised to come with them.

11.     Defendants profit from both the sale of the toy and the green base. Without the green base, many of the consumers would not have purchased these toys because the base is necessary for the use of the rest of the toy. The green base is needed to hold the other pieces together.

12.     In actual fact, the green base provided by Defendants inside the box, and which can only be viewed after purchase, is much smaller than what the Defendants advertise it to be.

13.     The actual size of the green base provided by Defendants is four pegs by eight pegs, and thus the Garden House cannot be built, rending the toy useless.

14.     Despite the fact that the green base Defendants provide is four by eight pegs rendering the toy useless, Defendants nonetheless represent to consumers on the box that the toy includes a six by twelve peg base and benefit from such representations.

15.     Defendants conceal the fact that toy does not include the advertised piece.

16. Defendants do not present consumers with a written copy of the correct terms of the purchase prior to purchase.

17. Defendants make a pictorial representation to consumers which contradict the actual features included with the toy.

18. The aforementioned written and oral representations are objectively false, and constitute false advertising under Cal. Bus. & Prof. Code §§ 17500 et. seq. an unlawful, unfair, or deceptive business practices under Cal. Bus. & Prof. Code §§ 17200 et. seq.

19. Defendants' violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the invalid Class Products to consumers in California.

20. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease advertising and selling the Class Products and an award of damages to the Class Members, together with costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

21. This class action is brought pursuant to Federal Rule of Civil Procedure 23.  All claims in this matter arise exclusively under California law.

22. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the toy online from Los Angeles County and Defendant shipped the product to that location.  Plaintiff resides in the Central District of California and Defendants do business, inter alia, in the Central District of California.

23. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a

CLASS ACTION COMPLAINT

citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

24.     In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

## THE PARTIES

25.     Plaintiff Cathryn Levine is a citizen and resident of the State of California, County of Los Angeles.

26.     Defendant JAZWARES, LLC is a limited liability company with its principle place of business located and headquartered in Florida.  Defendant is incorporated in Delaware and based in London, United Kingdom.

27.     Defendant ASTLEY BAKER DAVIES LTD is a limited liability company based in London, United Kingdom.

28.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

29.     Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

30.    At all relevant times, Defendants ratified each and every act or omission complained of herein.  At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

31.    On or around November 22, 2015 Plaintiff purchased a Peppa Pig Garden House Construction Set toy online from Defendants ("the toy").

32.    For the toy, Plaintiff paid more than valuable consideration.

33.    Plaintiff paid over $12.99. In addition, Plaintiff purchased other items from Defendants as ancillary to the purchase of the toy for more than valuable consideration. In total, including taxes and fees the total price of the purchase came out to $70.30. A receipt of the purchase is enclosed for the record (see "Exhibit B").

34.    Defendants manufactured the toy with all relevant packaging and materials.

35.    On the box of the toy, Defendants advertised a garden set (see "Exhibit A"). The garden set consisted of a green six by twelve peg base and had various pieces placed and fitted on top of it through the pegs.

36.    Plaintiff had shopped around extensively, both online and in brick and mortar retail locations, for a toy.

37.    Relying on the assurance that the pieces would be included with the toy, Plaintiff decided to purchase the toy. Plaintiff purchased the toy because of the assurance that the pieces would be included.

38.    Plaintiff forewent purchasing other toys, in lieu of the toy.

39.    Upon receiving the toy and opening the package, Plaintiff realized that the green base was only four by eight pegs in size.

40.    The advertised size was sufficient to fit all the pieces onto the green base. However, the actual green base provided by Defendants, and not viewable

until after purchase, was not big enough to have all the pieces fitted into it, defeating the entire purpose of the toy.

41.    Upon learning this, Plaintiff felt ripped off and cheated by Defendants.

42.    Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

43.    Defendants expressly represented to Plaintiff, through written statements, the size and character of the toy and its pieces.

44.    Plaintiff alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase toys.

45.    In purchasing the Class Products at the time of purchase of her toy, Plaintiff relied upon Defendants' representations that the toy would come with the advertised pieces and be capable of assembly as advertised.

46.    Such representations were clearly false because the green base had a different number of pegs and could not fit as many pieces.

47.    Plaintiff would not have purchased the toy if she knew that the above-referenced statements made by Defendants were false.

48.    Had Defendants properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the toy.

49.    Plaintiff gave her money to Defendants because of the way that the green base was advertised. Defendants benefited from falsely advertising the features of the toy. Plaintiff received nothing for giving her money to Defendant for the different sized base. Defendants benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

50.    Had Defendants properly marketed, advertised, and represented the Class Products, no reasonable consumer who purchased a toy would have believed that it came with a green base of that size.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

51.     Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

52.     The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the United States, and whose toy was advertised to include a green base that had eight by twelve pegs.

53.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

54.     Excluded from the Class are Defendants, its affiliates, employees, agents, and attorneys, and the Court.

55.     Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

56.     Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

57.     No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendants.

58.     Rather, all claims in this matter arise from the identical, false, affirmative representations of the toys, when in fact, such representations were false.

59.     There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a)     Whether Defendants engaged in unlawful, unfair, or deceptive

CLASS ACTION COMPLAINT

business practices in selling Class Products to Plaintiff and other Class Members;

(b)    Whether Defendants made misrepresentations with respect to the Class Products sold to consumers;

(c)    Whether Defendants profited from both the sale of the toys and the advertised green base;

(d)    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(e)    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(f)    Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(g)    Whether Defendants' unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(h)    The method of calculation and extent of damages for Plaintiff and Class Members.

60.    Plaintiff is a member of the class she seeks to represent

61.    The claims of Plaintiff are not only typical of all class members, they are identical.

62.    All claims of Plaintiff and the class are based on the exact same legal theories.

63.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

64.    Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff bought Class Products from Defendants during the Class Period.    Defendants' unlawful, unfair and/or

fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

65. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent herself and the class.

66. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

## Violation of the California False Advertising Act

## (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

67. Plaintiff incorporates by reference each allegation set forth above.

68. Pursuant to California Business and Professions Code section 17500, *et seq.*, it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading . . . [or] to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

69. California Business and Professions Code section 17500, *et seq.*'s prohibition against false advertising extends to the use of false or misleading written statements.

70. Defendants misled consumers by making misrepresentations and untrue statements about the Class Products, namely, Defendants sold the toy advertised to have a green base that could fit all the pieces on its six by twelve peg structure when it provided a structure that was actually four by eight pegs, rendering the toy unusable, and made false representations to Plaintiff and other

putative class members in order to solicit these transactions.

71.    Specifically, Defendants advertised a photograph on the box that showed a six by twelve peg green base that could fit all the pieces into it.

72.    Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

73.    As a direct and proximate result of Defendants' misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact and have lost money or property.  Plaintiff reasonably relied upon Defendants' representations regarding the Class Products. In reasonable reliance on Defendants' false advertisements, Plaintiff and other Class Members purchased the Class Products.  In turn Plaintiff and other Class Members ended up with toys that turned out to actually be different than advertised, and therefore Plaintiff and other Class Members have suffered injury in fact.

74.    Plaintiff alleges that these false and misleading written representations made by Defendants constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

75.    Defendants advertised to Plaintiff and other putative class members, through written representations and omissions made by Defendants and its employees, that the Class Products would include a green base of a particular size and with particular capabilities.

76.    Defendants knew that the Class Products did not in fact include the described piece.

77.    Thus, Defendants knowingly sold Class Products to Plaintiff and other putative class members.

78.    The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.   Defendants' conduct will continue to cause irreparable injury to consumers unless enjoined or restrained.   Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendants' revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

## SECOND CAUSE OF ACTION

## Violation of Unfair Business Practices Act

## (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

79.    Plaintiff incorporates by reference each allegation set forth above.

80.    Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.   Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.   A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm -- that is, evidence that the defendants' conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendants' conduct created a risk of harm.   Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

## UNFAIR

81.    California Business & Professions Code § 17200 prohibits any "unfair . . . business act or practice."   Defendants' acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair"

business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

82.    In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

83.    Here, Defendants' conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendants' decision to sell them falsely described toys (Class Products).  Thus, Defendants' conduct has caused substantial injury to Plaintiff and the members of the Sub-Class.

84.    Moreover, Defendants' conduct as alleged herein solely benefits Defendants while providing no benefit of any kind to any consumer.  Such deception utilized by Defendants convinced Plaintiff and members of the Class that the Class Products included an six by twelve peg green base that would allow them to build the house as pictured on the box, in order to induce them to spend money on said Class Products.  In fact, knowing that Class Products did not include the eight by twelve green base, Defendants unfairly profited from their sale.  Thus, the injury suffered by Plaintiff and the members of the Sub-Class is not outweighed by any countervailing benefits to consumers.

85.    Finally, the injury suffered by Plaintiff and members of the Sub-Class

is not an injury that these consumers could reasonably have avoided. After Defendants falsely represented the Class Products, Plaintiff and class members suffered injury in fact due to Defendant's sale of Class Products to them. Defendants failed to take reasonable steps to inform Plaintiff and class members that the Class Products did not include the advertised piece. As such, Defendant took advantage of Defendants' position of perceived power in order to deceive Plaintiff and the Class members to purchase toys without the described piece. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

86. Thus, Defendants' conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

87. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

88. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

89. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff agreed to purchase Class Products under the basic assumption that they included the described piece, even though the toys contained no such feature. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendants' fraudulent business

CLASS ACTION COMPLAINT

practice would deceive other members of the public.

90.     As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as including the described piece, and thus falsely represented the Class Products.

91.     Thus, Defendants' conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

### UNLAWFUL

92.     California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

93.     As explained above, Defendants deceived Plaintiff and other Class Members by representing the Class Products as including the described, falsely representing the features included with the Class Products.

94.     Defendants used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to purchase the Class Products, in violation of California Business and Professions Code Section 17500, et seq.   Had Defendant not falsely advertised, marketed or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products. Defendants' conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

95.     These representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq.*.

96.     Defendants have thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief.   Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of

unlawful, unfair, and fraudulent business practices and requiring Defendants to correct their actions

## MISCELLANEOUS

97.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or that all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

98.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

99.     Plaintiff, on behalf of herself and the Class, requests the following relief:

(a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b)     An order certifying the undersigned counsel as Class Counsel;

(c)     An order requiring JAZWARES, LLC AND ASTLEY BAKER DAVIES LTD, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d)     An order requiring JAZWARES, LLC AND ASTLEY BAKER DAVIES LTD to engage in corrective advertising regarding the conduct discussed above;

(e)     Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period;

(f)     Punitive damages, as allowable, in an amount determined by the Court or jury;

CLASS ACTION COMPLAINT

1      (g)    Any and all statutory enhanced damages;

2      (h)    All reasonable and necessary attorneys' fees and costs provided

3             by statute, common law or the Court's inherent power;

4      (i)    Pre- and post-judgment interest; and

5      (j)    All other relief, general or special, legal and equitable, to which

6             Plaintiff and Class Members may be justly entitled as deemed

7             by the Court.

8

9      Dated:  February 3, 2016          Respectfully submitted,

10                                       LAW OFFICES OF TODD M. FRIEDMAN, PC

11

12                                       By: /s Todd. M. Friedman

13                                           TODD M. FRIEDMAN, ESQ.

14                                           Attorney for Plaintiff Cathryn Levine

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT